## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ALIBABA GEORGE,**
                     **Plaintiff**

**v.**                                            Civil Action No.
                                                           3:04CV424-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                     **Defendant**

### MEMORANDUM OPINION

      This case presents plaintiff Alibaba George's challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      Ms. George filed her applications in April of 2001, alleging that she had been unable to engage in any substantial gainful employment since October of 2000. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. George's obesity, bilateral arthritis of the knees, and chronic obstructive pulmonary disease were severe impairments, but that they did not prevent her from performing her past relevant work as a police dispatcher.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. George contends that the ALJ erred in failing to accept the opinion of her treating physician, Dr. Hardesty. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992).

Dr. Hardesty's opinion to which Ms. George points appears in a letter to claimant's attorney dated December 27, 2002. Dr. Hardesty explained her reasons for believing that Ms. George would need oxygen on a full time basis, and added that Ms. George "cannot reasonably be expected to walk to a bus stop, carting oxygen, walk up stairs perhaps to an office and work 8 hours a day on a regular basis, because of her cardio-respiratory status. I suspect no one would hire her." Tr. 546. However, despite Dr. Hardesty's speculation about lengthy walking, taking stairs, or lifting, there is nothing in her opinion that would preclude sedentary work, which is what the ALJ found her capable of performing.

Ms. George also contends that the ALJ's findings are inconsistent with the testimony of

the medical advisor at the hearing. Her basis for this is that while Dr. Zukof opined that the medical evidence failed to support inability to do sedentary work in a clean environment, he also stated that if lung volume gas tests were done, that would indicate whether there were "pockets [in the lungs] that are not working." Dr. Zukof added that such a test "would certainly be conclusive." Tr. 637. Plaintiff does not dispute the fact that the record as it stood at the time of the close of the hearing supported Dr. Zukof's testimony and the opinion of the ALJ that Ms. George was capable of sedentary work.

At plaintiff's request, the ALJ held the record open for three months after the hearing; however, nothing further was submitted. Following the September 11, 2003 ALJ decision, plaintiff submitted additional evidence to the Appeals Council. The additional evidence was dated October 3, 2003 and December 19, 2003. It was not accompanied by any brief relating the evidence to Dr. Zukof's testimony, despite plaintiff's current contention that the evidence was material based on Dr. Zukof's testimony. The Appeals Council stated that the additional evidence had been considered, but that the Appeals Council concluded that the additional evidence did not provide a basis for changing the Administrative Law Judge's decision.

The District Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). While several courts have criticized Cotton (see, O'Dell v. Shalala, 44 F.3d 855 (10th Cir. 1994), Mackey v. Shalala, 47 F.3d 951 (8th Cir. 1995), Perez v. Chater, 77 F.3d 41 (2d Cir. 1996), it remains authoritative in this Circuit. As the Appeals Council considered the post hearing evidence but declined to review the decision, the District Court is not permitted to consider that new evidence "in deciding whether to uphold, modify, or reverse the ALJ's decision." Cline v.


Commissioner, 96 F.3d 146, 149 (6th Cir. 1996).

Neither does the plaintiff seek remand for consideration of new and material evidence. See Cline, 96 F.3d at 148 ("The district court can, however, remand the case [.]"). Such remands are permitted only in limited circumstances. Such circumstances exist when the party seeking remand shows that: (1) new and material evidence is available; and (2) good cause exists for not first presenting the evidence to the ALJ. See Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir.1984). Ms. George has made no attempt to indicate why the post decision evidence could not have been obtained earlier.

While Ms. George remains free to file a new application, and to offer the late 2003 materials as part of her evidence in support of that application, those reports cannot be considered by this Court. Thus, on the record as a whole – excluding those items – there is substantial evidence to support the decision of the ALJ.

An order in conformity has this day entered.